IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| In re NEW CANYONLANDS BY NIGHT, LLC, and CANYONLANDS RIVER TOURS, LLC, for and on behalf of the vessel number UT0757GR for exoneration from or limitation of liability, | **MEMORANDUM DECISION AND ORDER DENYING MOTION FOR SUMMARY JUDGMENT**<br><br>Case No. 2:17-cv-01293-DN<br><br>District Judge David Nuffer |

This is an action under admiralty and maritime law for exoneration or limitation of liability arising from a September 8, 2017 boat accident on the Colorado River near Moab, Utah.[1] Claimants[2] were passengers on the vessel at the time of the accident.

Claimants seek entry of summary judgment against the vessel's owners—New Canyonlands by Night, LLC and Canyonlands River Tours, LLC's (collectively, "Canyonlands").[3] Claimants argue that Canyonlands are not entitled to exoneration or limitation of liability because Canyonlands' negligent acts caused the accident, and Canyonlands had privity or knowledge of their negligence.[4]

Because the existence of genuine issues of material fact preclude summary judgment, Claimants' Motion for Summary Judgment[5] is DENIED.

---

[1] Complaint for Exoneration from or Limitation of Liability, docket no. 2, filed Dec. 19, 2017.

[2] Claimants include Stanley J. Kahn, Marlena Kahn, Ryan Ford, Karen Konen, Alen Konen, Terri McCammond, Cecil McCammond, Veronica McCormick, Raymond McCormick, Barbara Morris, Brian Morris, Alan Ford, Marilyn Ford, and Margret Zimmer.

[3] Claimants' Motion for Summary Judgment, docket no. 87, filed Aug. 13, 2019.

[4] *Id*. at 12-24.

[5] Docket no. 87, filed Aug. 13, 2019.

## DISCUSSION

Summary judgment is appropriate only where "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[6] A factual dispute is genuine when "there is sufficient evidence on each side so that a rational trier of fact could resolve the issue either way."[7] In ruling on a motion for summary judgment, the factual record and all reasonable inferences drawn therefrom are viewed in a light most favorable to the nonmoving party.[8]

The moving party "bears the initial burden of making a prima facie demonstration of the absence of a genuine issue of material fact and entitlement to judgment as a matter of law."[9]

### Issues in an Exoneration or Limitation Action

"The determination of whether a shipowner is entitled to [exoneration] or limitation [of liability] employs a two-step process."[10] The first step is a determination of "what acts of negligence or conditions of unseaworthiness caused the accident."[11] The second step is a determination of "whether the shipowner had knowledge or privity of those same acts of negligence or conditions of unseaworthiness."[12]

However, not all claimants may pursue a theory of unseaworthiness to challenge an exoneration or limitation complaint. "[S]eaworthiness is a term of art in the law of admiralty."[13]

---

[6] FED. R. CIV. P. 56(a).

[7] *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 670 (10th Cir. 1998).

[8] *Id.*

[9] *Id.* at 670-671.

[10] *In re Aramark Sports & Entm't Servs., LLC*, 831 F.3d 1264, 1273 (10th Cir. 2016) (quoting *Farrell Lines, Inc. v. Jones*, 530 F.2d 7, 10 (5th Cir. 1976)).

[11] *Id*. (quoting *Farrell Lines, Inc.*, 530 F.2d at 10)).

[12] *Id*. (quoting *Farrell Lines, Inc.*, 530 F.2d at 10)).

[13] *Kornberg v. Carnival Cruise Lines, Inc.*, 741 F.2d 1332, 1335 (11th Cir. 1984).

It is a duty or warranty extended to seamen and marine workers that "imposes a form of absolute liability on a sea vessel."[14] Therefore, unseaworthiness is a theory limited to claims brought by seamen and maritime workers.[15] A ship's guests or passengers, such as Claimants in this case, may not rely on a theory of unseaworthiness.[16] Rather, a ship's guests and passengers may only pursue a negligence theory to challenge an exoneration or limitation complaint.[17]

There are three possible outcomes to an exoneration or limitation complaint: exoneration; limitation; or no limitation.[18] "If no negligence is shown, the inquiry ends and . . . an order exonerating the [ship]owner from liability [will issue]."[19] "If claimants demonstrate negligence, the burden shifts to the [ship]owner to show a lack of privity or knowledge."[20] If the shipowner meets this burden, the shipowner's liability is capped at the value of the vessel and pending freight.[21] But if the shipowner fails to establish a lack of privity or knowledge, the exoneration or limitation complaint is denied.[22] "The claimant[s] then may pursue relief in any suitable forum."[23]

---

[14] *Id*.

[15] *Id*. (citing *Mitchell v. Trawler Racer, Inc.*, 362 U.S. 539 (1960); *Gibboney v. Wright*, 517 F.2d 1054, 1059 (5th Cir. 1960)); *Yamaha Motor Corp. v. Calhoun*, 516 U.S. 199, 208 n.6 (1996); *In re Complaint of Royal Carribean Cruises Ltd.*, 459 F. Supp. 2d 1275, 1281-1283 (S.D. Fla. 2006).

[16] *In re Complaint of Royal Carribean Cruises Ltd.*, 459 F. Supp. 2d at 1281-1283.

[17] *Id*.

[18] *In re Aramark Sports & Entm't Servs., LLC*, 831 F.3d at 1273.

[19] *Id*. (citing *In re Trawler Snoopy, Inc.*, 268 F. Supp. 951, 953 (D. Me. 1967)).

[20] *Id*. (citing *Farrell Lines, Inc.*, 530 F.2d at 10)).

[21] *Id*. (citing FED. R. CIV. P. SUPP. ADMIRALTY RULE F(8)).

[22] *Id*. (citing 46 U.S.C. § 30505).

[23] *Id*. (citing *Pickle v. Car Lee Seafood, Inc.*, 174 F.3d 444, 449 (4th Cir. 1999); *Wheeler v. Marine Navigation Sulphur Carriers, Inc.*, 764 F.2d 1008, 1011 (4th Cir. 1985)).

"The question of negligence is governed by federal maritime law."[24] "Absent a relevant statute, the general maritime law [is] developed by the judiciary."[25] And "maritime courts have regularly looked to the current Restatement of Torts for guidance."[26]

To establish negligence in the exoneration or limitation context, a claimant must show: (1) the shipowner owed the claimant a duty; (2) the shipowner breached the standard of care for that duty; (3) the shipowner's actions "factually caused the [claimant's] harm, meaning 'the harm would not have occurred absent the conduct[;]'" and (4) "the [claimant's] injury must have 'result[ed] from the risks that made the [shipowner's] conduct tortious.'"[27]

## Issues in this Exoneration or Limitation Action

Claimants do not identify a statute establishing Canyonlands' duty. Rather, Claimants generally refer to Canyonlands' duties to provide adequate procedures to ensure the maintenance of equipment, and to use reasonable diligence to discover the act or condition that caused the boat accident.[28] "It is a settled principle of maritime law that a shipowner owes the duty of exercising reasonable care towards those lawfully aboard the vessel who are not members of the crew."[29] And "since the duty is one of reasonable care under the circumstances, the circumstances of each case may vary."[30] "Indeed, '[t]he extent to which circumstances

---

[24] *Id*. at 1279.

[25] *Id*. (quoting *East River S.S. Corp. v. Transamerica Delaval, Inc.*, 476 U.S. 858, 864 (1986)).

[26] *Id*.

[27] *In re Aramark Sports & Entm't Servs., LLC*, 831 F.3d at 1281 (quoting Restatement (Third) of Torts: Physical and Emotional Harm ("Restatement (Third)") § 26 at 346, § 29 at 493 (2010)).

[28] Motion for Summary Judgment at 13.

[29] *Kermarec v. Compagnie Generale Transatlantique*, 358 U.S. 625, 630 (1959); *In re Aramark Sports & Entm't Servs., LLC*, 831 F.3d at 1280 (quoting Restatement (Third) § 7 at 77).

[30] *Harnesk v. Carnival Cruise Lines, Inc.*, 1992 A.M.C. 1472, 1478 (S.D. Fla. Dec. 21, 1991).

4

surrounding maritime travel are different than those encountered in daily life and involve more danger to passengers, will determine how high a degree is reasonable in each case.'"[31]

**Genuine issues of material fact preclude summary judgment**

Claimants argue that Canyonlands breached their duty by improperly installing the vessel's steering system; by failing to have a coherent protocol or policy in place for inspecting the vessel; and by failing to have the vessel—particularly, the steering system—inspected at any time after Canyonlands purchased the vessel.[32] Claimants identify several "undisputed facts" to support their arguments.[33] However, many of these "undisputed facts" are characterizations of, or inferences drawn from, the record evidence. Accepting such characterizations and inferences—which view the record evidence in a light favorable to Claimants—would be contrary to the standard of review on summary judgment, which requires that evidence be viewed in a light favorable to Canyonlands, the party opposing the motion.[34]

For example, Claimants assert that Canyonlands' part-owner and general manager, Rory Paxman, purchased and installed a SeaStar steering ram that was not suitable for the vessel.[35] Claimants cite testimony from Rory Paxman regarding his role in Canyonlands and his process in purchasing and installing the steering ram; SeaStar's steering system selection guides; and an invoice for the steering ram's purchase.[36] This evidence does not directly show that the steering

---

[31] *Id*. (quoting *Keefe v. Bahama Cruise Lines, Inc.*, 867 F.2d 1318, 1322 (11th Cir. 1989)).

[32] Motion for Summary Judgment at 14-19

[33] *Id*. at 3-11.

[34] *Adler*, 144 F.3d at 670.

[35] Motion for Summary Judgment ¶ 2 at 4, ¶ 7 at 4, ¶ 14 at 6, ¶¶ 34-35 at 10.

[36] Ex. 1 (A) Rory Paxman Dep. Aug. 22, 2018 at 14:10-12, 62:11-65:23, 71:5-72:14, 140:21-23, 152:1-153:17, 158:13-159:12, docket no. 87-2, filed Aug. 13, 2019; Ex. 14 (132) SeaStar Hydraulic Steering Selection Guide, docket no. 87-15, filed Aug. 13, 2019; Ex. 15 (133) SeaStar Solutions Selection Guide, docket no. 87-16, filed Aug. 13, 2019; Ex. 24 (158) at West Marine Pro Invoice Jan. 13, 2017, docket no. 87-25, filed Aug. 13, 2019.

ram was not suitable for the vessel, but is merely suggestive of that fact. On summary judgment, where the factual record and reasonable inferences are viewed in a light most favorable to Canyonlands,[37] the evidence is insufficient to establish that the steering ram was not suitable for the vessel.

As another example, Claimants assert that Rory Paxman did not properly torque the nut used to secure the tie rod to the jet tiller of the vessel.[38] But Claimants' only citations to evidence are to SeaStar's torque specifications and testimony from Rory Paxman that he did not know SeaStar's specifications and did not test the torque on the nut.[39] Again, although suggestive of the fact asserted by Claimants, this evidence it is insufficient on summary judgment to establish that Rory Paxman did not properly torque the nut. Therefore, genuine issues of material fact exist regarding whether Canyonlands breached their duty of reasonable care by improperly installing the vessel's steering system.

Claimants also assert several facts relating to Canyonlands' failure to inspect the vessel and its steering system.[40] But Claimants do not cite sufficient evidence or legal authority to establish the appropriate standard of care for implementing inspection protocols or having the vessel inspected. In the absence of a baseline from which it may be determined whether Canyonlands' conduct was reasonable, genuine issues of material fact exist regarding whether

---

[37] *Adler*, 144 F.3d at 670.

[38] Motion for Summary Judgment ¶ 17 at 7, ¶ 36 at 11.

[39] Ex 1 (A) Rory Paxman Dep. Aug. 22, 2018 at 93:6-94:4, 97:15-100:14, 102:10-13, 135:7-14; Ex. 11 (127) SeaStar Steering Cylinder Installation Manual at 33, docket no. 87-12, filed Aug. 13, 2019.

[40] Motion for Summary Judgment ¶ 4 at 4, ¶¶ 8-10 at 5, ¶ 16 at 7, ¶¶ 18-19 at 7, ¶ 22 at 8, ¶ 36 at 11.

Canyonlands breached their duty of reasonable care by failing to have protocols for inspecting the vessel and by failing to have the vessel and its steering system inspected.[41]

Additionally, because genuine issues of material fact exist regarding whether Canyonlands breached their duty of reasonable care, Claimants "undisputed fact" regarding the cause of the vessel's steering failure is not sufficiently supported by the record evidence. Claimants assert:

> Rory Paxman's failure to install the correct SeaStar Steering Ram, failure to properly tighten all steering connections, failure to properly inspect, and failure to properly maintain the SeaStar Steering Ram caused the steering failure on the [vessel] on September 8, 2017.[42]

Claimants cite evidence demonstrating that a steering failure occurred as a result of the steering ram being disconnected from the mount on the vessel's stern bulkhead.[43] But genuine issues of material fact exist regarding whether Rory Paxman's (Canyonlands') acts or omissions caused the steering failure.

Therefore, because genuine issues of material fact exist regarding Canyonlands' negligence, summary judgment is precluded.

---

[41] *Milne v. USA Cycling Inc.*, 575 F.3d 1120, 1127 (10th Cir. 2009) ("[F]ederal courts will sometimes grant summary judgment to defendants on negligence claims precisely because of the *plaintiff's* failure to present evidence establishing a standard of care as part of its burden of proof on an element of plaintiff's case.").

[42] Motion for Summary Judgment ¶ 37 at 11.

[43] Ex 1 (A) Rory Paxman Dep. Aug. 22, 2018 at 152:1-153:17, 158:13-159:12; Ex. 6 (F) Shearer Dep. 103:5-105:15, docket no. 87-7, filed Aug. 13, 2019; Ex. 27 (4) Grand County Sheriff's Office Incident Report at CYN 000002-03, docket no. 87-28, filed Aug. 13, 2019; Ex. 28 (5) Dep't Nat. Res. Incident Report at CYN 000006, docket no. 87-29, filed Aug. 13, 2019; Ex. 29 (9) Shearer Report at CYN 000016, docket no. 87-30, filed Aug. 13, 2019.

## ORDER

IT IS HEREBY ORDERED that Claimants' Motion for Summary Judgment[44] is DENIED.

Signed November 1, 2019.

BY THE COURT

David Nuffer
United States District Judge

---

[44] Docket no. 87, filed Aug. 13, 2019