IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| In re NEW CANYONLANDS BY NIGHT, LLC, and CANYONLANDS RIVER TOURS, LLC, for and on behalf of the vessel number UT0757GR for exoneration from or limitation of liability, | **MEMORANDUM DECISION AND ORDER REGARDING SANCTIONS**<br><br>Case No. 2:17-cv-01293-DN<br><br>Judge David Nuffer<br><br>Magistrate Judge Cecilia M. Romero<br>(for settlement only) |

A concurrent mediation and judicial settlement conference before Magistrate Judge Cecilia M. Romero and mediator Paul H. Matthews (Mr. Matthews) was held on January 24, 2020 ([ECF 130](#)) (the Settlement Conference). Six of the fifteen Claimants in this matter failed to attend the Settlement Conference with their counsel as ordered by the court. The following six Claimants failed to attend: (1) Barbara Morris and (2) Brian Morris (Ms. Morris and Mr. Morris collectively, the Morrises); (3) Veronica McCormick and (4) Roy McCormick (Ms. McCormick and Mr. McCormick collectively, the McCormicks); (5) Margaret Zimmer (Ms. Zimmer); and (6) Thomas Ahern (Mr. Ahern). The Morrises and the McCormicks are represented by Eugene Mattioni (Mr. Mattioni). Ms. Zimmer and Mr. Ahern are represented by John Molloy (Mr. Molloy) and Brian McGinnis (Mr. McGinnis). Mr. Molloy and Mr. McGinnis also failed to attend the Settlement Conference. For the reasons stated below, the court imposes sanctions against the Claimants and counsel who failed to attend the Settlement Conference.

## I. BACKGROUND

On November 15, 2019, Judge Nuffer referred this matter to the undersigned for a concurrent mediation and judicial settlement conference (ECF 108). Judge Nuffer further

ordered that "[e]ach party and their counsel must be physically present at the concurrent mediation and judicial settlement conference" (ECF 109). After communicating with counsel regarding availability, the court set the Settlement Conference for January 7, 2020 ([ECF 110](#)). On November 26, 2019, the parties filed a stipulated motion to continue the Settlement Conference ([ECF 111](#)). The Motion included the representation that "[c]ounsel have confirmed their availability and willingness to proceed with the concurrent Settlement Conference and Mediation in the District Court for the District of Utah on January 24, 2020" (ECF 11, at 2). Both Mr. Molloy and Mr. Mattioni included their signatures on the motion. Prior to filing the motion, counsel for all parties, including Mr. McGinnis and Mr. Mattioni, represented in email communications to the court that they had no objection to that date. The court therefore reset the Settlement Conference for January 24, 2020 ([ECF 113](#)). On December 3, 2019, Judge Romero held a pre-settlement conference call in which the court reiterated that "parties must be physical present at the concurrent mediation and judicial settlement conference set for January 24, 2019" (ECF 114). Counsel for all parties, including Mr. McGinnis and Mr. Mattioni participated in the pre-settlement conference call.

There are a total of fifteen Claimants in this matter, consisting of six couples and three additional individuals. The Morrises and the McCormicks reside in the United Kingdom. The remaining Claimants reside in various states across the United States, including New Jersey, Wisconsin, California, Arizona, and Utah. Twelve of the Claimants, including the Morrises, the McCormicks, and other out-of-state Claimants, filed motions for leave to appear telephonically for various reasons including travel costs, health conditions, family obligations, prior travel plans, and scheduling conflicts ([ECF 115](#); [ECF 116](#)). On December 23, 2019, Judge Romero entered an order denying the motions and finding that "none of the Claimants have shown good

cause to be excused from being physical present at the concurrent mediation and settlement conference" (ECF 119-1, at 3). However, Judge Romero did allow the Morrises and McCormicks to send only one representative from each couple given the additional travel costs associated with travelling from the United Kingdom (ECF 119-1, at 3). Judge Romero ordered all remaining claimants and their counsel to be physically present at the Settlement Conference (ECF 119-1, at 4). The following nine Claimants attended the Settlement Conference with their counsel Thaddeus Wendt (Mr. Wendt): (1) Marilyn Ford; (2) Alan Ford; (3) Ryan Ford; (4) Karen Konen; (5) Allen Konen; (6) Terri McCammond; (7) Cecil McCammond; (8) Marlena Kahn; and (9) Stanley Kahn (ECF 130).

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 16 authorizes a court to impose sanctions "if a party or its attorney . . . fails to appear at a . . . pretrial conference." *See* Fed. R. Civ. P. 16(f)(1)(B). Rule 16 also authorizes sanctions "if a party or its attorney . . . fails to obey a . . . pretrial order." *Id.* R. 16(f)(1)(C). In addition, Local Rule 1-2 permits a court to impose sanctions for violation of the local civil rules, including "assessment of costs, attorneys' fees, fines, or any combination of these, against an attorney or a party." *See* DUCivR 1-2. Finally, courts possess inherent power to sanction misconduct and abuse of judicial process. *See Chambers v. NASCO, Inc.*, 501 U.S. 32, 44–45 (1991). "While sanctions imposed pursuant to [a] court's inherent authority generally require a finding of bad faith, sanctions imposed pursuant to Federal Rule of Civil Procedure 16 do not have a similar requirement." *Corps. for Character v. Fed. Trade Comm'n*, No. 2:11-CV-

00419, 2018 WL 3539830, at *5 (D. Utah July 23, 2018) (citation and internal quotations omitted).

"Courts routinely award sanctions for failure to participate in mediation," including such failures as "noncompliance with pre-mediation orders." *Id.* at *6 (citing *Univ. of Pittsburgh v. Varian Med. Sys.*, 2008 WL 1774115 (W.D. Pa. Apr. 17, 2008) (parties failed to comply with pre-mediation orders)). "Failure to mediate in good faith is also demonstrated when parties fail to attend mediation . . . or engage in other actions that constitute inappropriate barriers to good faith settlement discussions." *Id.* (citing *Jones v. Trawick*, 1999 WL 273969 (10th Cir. May 5, 1999) (failure to attend mediation)). In sum, while "[g]ood faith mediation does not require that the parties actually reach agreement, . . . there must be a diligent and reasonable effort to attempt to do so." *Id.* at *9.

## III. DISCUSSION

### A. Claimants' Failure to Appear at the Settlement Conference in Violation of Rule 16 Warrants Sanctions.

The court finds that the Morrises, the McCormicks, Ms. Zimmer, and Mr. Ahern violated Rule 16 by failing to appear at the Settlement Conference and by failing to obey the court's prior orders requiring physical presence at the Settlement Conference. Rule 16(f)(1)(B) allows for sanctions when a party fails to appear at a pretrial conference. The Morrises, the McCormicks, Ms. Zimmer, and Mr. Ahern failed to appear at the court-ordered Settlement Conference on January 24, 2020 despite multiple assurances by their counsel that they would be available on that date. This alone is sanctionable conduct.

Rule 16(f)(1)(C) also allows for sanctions when a party fails to obey a pretrial order. The court ordered the parties to be physically present at the Settlement Conference on three separate occasions: (1) Judge Nuffer's order referring the case for settlement (ECF 109); (2) Judge

4

Romero's order following the pre-settlement conference call (ECF 114); and (3) Judge Romero's order denying the motions to appear telephonically ([ECF 119-1](ECF 119-1)).  Thus, the Morrises, the McCormicks, Ms. Zimmer, and Mr. Ahern failed to obey three court orders by two judges commanding their physical presence at the Settlement Conference.

The court further finds that their failure to attend constituted an inappropriate barrier to good faith settlement discussions.  The court required physical presence at the Settlement Conference in large part due to the failure of the prior mediation in which the parties were not required to be physically present ([ECF 119-1](ECF 119-1)).  It is no coincidence that the only Claimants who did not reach a settlement during the Settlement Conference—Ms. Morris, Ms. McCormick, and Ms. Zimmer—were among those who failed to appear ([ECF 130](ECF 130)).  The presence of their counsel at the Settlement Conference therefore did not mitigate their own failure to appear.  Neither did attempts to participate in the Settlement Conference via telephone or videoconferencing mitigate this failure, given that the court specifically denied their requests to appear by alternate means (ECF 119).

The court acknowledges that Mr. Morris, Mr. McCormick, and Mr. Ahern reached an agreement during the Settlement Conference and that Ms. Morris and Ms. McCormick reached an agreement in the days following.  These agreements were undoubtedly the result of good faith settlement discussions by their counsel.  However, the result does not justify their own failure to participate in good faith settlement discussions as parties in person at the Settlement Conference as ordered by the court.  In consideration of the substantial travel expenses required to travel from the United Kingdom, the court had permitted only one representative from the Morrises and the McCormicks to attend ([ECF 119-1, at 3](ECF 119-1, at 3)), yet none of them attended the Settlement Conference.  All of the other nine Claimants in attendance had also requested to be excused from

5

the Settlement Conference due to serious health conditions, travel costs, and other significant barriers, but their requests were denied. Nevertheless, they complied with the orders of this court requiring their physical presence, participated in good faith settlement discussions alongside their counsel at the Settlement Conference, and were able to reach an agreement that same day. With the exception of one, all of the Claimants in attendance travelled from out of state in order to attend the Settlement Conference.

Moreover, in light of the court's orders, Plaintiffs and their counsel in attendance had a reasonable expectation that all claimants would attend and make a serious effort to engage in good faith in-person settlement discussions at the Settlement Conference. Both Judge Romero and Mr. Matthews spent substantial time preparing for the Settlement Conference with this same expectation. The court therefore concludes that the failure to attend the Settlement Conference and failure to obey the orders of this court warrants the imposition of sanctions against the Morrises, the McCormicks, Ms. Zimmer, and Mr. Ahern as follows:

1) The court HEREBY SANCTIONS the Morrises for half of the duration of the Settlement Conference (5 hours) times the standard hourly rate for Mr. Matthews ($450) for a total amount of $2,250. The total amount is to be divided in nine (9) equal parts of $250 payable to each of the nine (9) Claimants in attendance to help cover their travel costs.

2) The court HEREBY SANCTIONS the McCormicks for half of the duration of the Settlement Conference (5 hours) times the standard hourly rate for Mr. Matthews ($450) for a total amount of $2,250. The total amount is to be divided in nine (9) equal parts of $250 payable to each of the nine (9) Claimants in attendance to help cover their travel costs.

3) The court HEREBY SANCTIONS Ms. Zimmer for half of the duration of the Settlement Conference (5 hours) times the standard hourly rate for Mr. Matthews ($450) for a total amount of $2,250. The total amount is to be divided in nine (9) equal parts of $250 payable to each of the nine (9) Claimants in attendance to help cover their travel costs.

4) The court HEREBY SANCTIONS Mr. Ahern for half of the duration of the Settlement Conference (5 hours) times the standard hourly rate for Mr. Matthews ($450) for a total amount of $2,250. The total amount is to be divided in nine (9) equal parts of $250 payable to each of the nine (9) Claimants in attendance to help cover their travel costs.

5) Within 21 days of the date of this order, counsel for the Morrises, the McCormicks, Ms. Zimmer, and Mr. Ahern must file a notice of compliance with the sanctions as set forth above.

**B. Counsel's Failure to Appear at the Settlement Conference in Violation of Rule 16 and Failure to Abide by the Rules of this Court Warrants Sanctions.**

The court finds that Mr. Molloy and Mr. McGinnis violated Rule 16 by failing to appear at the Settlement Conference and by failing to obey the court's prior orders requiring physical presence at the Settlement Conference. Rule 16(f)(1)(B) allows for sanctions when an attorney fails to appear at a pretrial conference. Both Mr. Molloy and Mr. McGinnis failed to appear at the court-ordered Settlement Conference on January 24, 2020 despite assurances by each of them that they would be available on that date. Rule 16(f)(1)(C) also allows for sanctions when an attorney fails to obey a pretrial order. The court ordered counsel to be physically present at the Settlement Conference on three separate occasions (ECF 109); (ECF 114); (ECF 119-1). Contrary to the prior representations to the court on multiple occasions that the date worked,

Molly Heber (Ms. Heber) represented on the day of the Settlement Conference that she was sent as the representative for Ms. Zimmer and Mr. Ahern and that Mr. Molloy and Mr. McGinnis were unable to attend because Mr. Molloy had a recent knee surgery and Mr. McGinnis was in trial. Neither Mr. Molloy nor Mr. McGinnis gave the court prior notification of their inability to attend or asked to be excused from the Settlement Conference. The court learned the morning of the Settlement Conference that Ms. Heber would be attending in lieu of Mr. Molloy and Mr. McGinnis.

Although the presence of Ms. Heber on their behalf mitigates their failure to appear to some degree, the court finds that their failure to appear nonetheless constituted an inappropriate barrier to good faith settlement discussions. Mr. Molloy is lead counsel for Ms. Zimmer and Mr. Ahern, and the only counsel of record from his firm, John M. Molloy & Associates. Neither Mr. McGinnis nor Ms. Heber have filed a notice of appearance in this case. Despite this, Mr. McGinnis has acted as lead counsel for Ms. Zimmer and Mr. Ahern, appearing at the pre-settlement conference call and on various pleadings before the court on their behalf. Thus, Plaintiffs, their counsel, the court, and Mr. Matthews had a reasonable expectation that Mr. Molloy and/or Mr. McGinnis would attend the Settlement Conference with Ms. Zimmer and Mr. Ahern. None of them attended. While the court appreciates Ms. Heber's preparation, attendance, and efforts to participate in the Settlement Conference on behalf of Ms. Zimmer and Mr. Ahern, the failure of lead counsel to attend the Settlement Conference evinces a lack of good faith on the part of Mr. Molloy and Mr. McGinnis.

The court further finds that Mr. McGinnis and Ms. Heber violated Local Rule 83-1.1 by failing to seek admission pro hac vice in this case prior to practicing before this court. Local Rule 83-1.1 provides that "[a]ttorneys who wish to practice in this court, whether as members of

the court's bar or pro hac vice in a particular case, must first satisfy the admissions requirements," DUCivR 83-1.1(a), including the submission of an application form, payment of the admission fee, and filing of a motion for admission, DUCivR 83-1.1(d). Mr. Molloy has fulfilled these requirements and has been admitted pro hac vice in this case (ECF 84). However, neither Mr. McGinnis nor Ms. Heber have submitted an application form, paid the fee, or filed a motion for admission as required by DUCivR 83-1.1(d). Ms. Heber nonetheless appeared at the Settlement Conference. Worse yet, Mr. McGinnis appeared in the pre-settlement conference call (ECF 114) and has signed multiple pleadings in this case ([ECF 106](ECF 106); [ECF 116](ECF 116); [ECF 127](ECF 127); [ECF 128](ECF 128)). On January 10, 2020, the court sent a notice of requirements for admission pro hac vice directly to Mr. McGinnis ([ECF 117](ECF 117)). Despite receiving this notice, Mr. McGinnis has continued to sign pleadings without seeking admission pro hac vice ([ECF 127](ECF 127); [ECF 128](ECF 128)). This knowing, continued failure to abide by the rules of this court regarding pro hac vice admission is sanctionable misconduct.

In sum, both Mr. Molloy and Mr. McGinnis failed to attend the Settlement Conference and obey the orders of this court requiring their presence at the Settlement Conference. In addition, both Mr. McGinnis and Ms. Heber failed to abide by the rules of this court regarding pro hac vice admission. The court strongly admonishes Mr. Molloy to ensure that the attorneys under his supervision abide by the rules of the jurisdictions in which they practice. The court also reminds Ms. Heber of her obligation to seek pro hac vice admission before practicing before this court. The court finds that Mr. McGinnis's failure to seek pro hac vice admission is

aggravated by his failure to heed notice from the court to remedy this failure. The court therefore imposes sanctions against Mr. Molloy and Mr. McGinnis as follows:

1) Based on the failure to attend the Settlement Conference, failure to obey the orders of this court, and failure to comply with the rules of this court, the court HEREBY SANCTIONS Mr. Molloy and Mr. McGinnis for three (3) hours of the Settlement Conference times the standard hourly rate for Mr. Matthews ($450) for a total amount of $1,350. The total amount is to be divided in nine (9) equal parts of $150 payable to each of the nine (9) Claimants in attendance to help cover their travel costs.

2) Within 21 days of the date of this order, Mr. Molloy and Mr. McGinnis must file a notice of compliance with the sanctions as set forth above.

IT IS SO ORDERED.

DATED this 30 January 2020.

*Cecilia M. Romero*
Magistrate Judge Cecilia M. Romero
United States District Court for the District of Utah